25,739

Mr. Terry Sterlin
TDCJ-ID#816777
Diboll Unit
1604 South First Street
Diboll, Texas 75541

December 5, 2017

The Honorable Clerk,
Ms. Deana Williamson
Texas Court of Crimianl Appeals
P.O. Box 12308, Capitol Station
Austin, Texas 78711

Re: WR-25,73908
Trial Cause No. 26496 A-3

**Motion For Reconsideration**

Dear Honorable Clerk,
    Enclosed, please find one Motion for Reconsideration in re-
gards to the above titled numbered cause. I respectfully re-
quest that once you have received these papers that you file,
stamp-date them and bring them to the attention of the Honorable
Justices so that a decision can be rendered on my request for
relief stated herein.
    In closing, I thank you in advance for any assistance that
you may provided concerning this matter.

Respectfully,

Terry Sterlin
TDCJ-ID#816777
Diboll Unit
1604 South Frist Street
Diboll, Texas, 75541

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 18 2017

Deana Williamson, Clerk

IN THE

TEXAS COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

|                | §  |              |
|                | §  |              |
| EX PARTE       | §  |              |
| TERRY STERLIN  | §  |              |
|                | §  | WR-25,739-08 |
|                | §  |              |
|                | §  |              |
|                | §  |              |

APPLICANT'S MOTION FOR RECONSIDERATION

TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, Terry Sterlin, TDCJ-ID#816777, hereinafter referred to as the "Applicant" in his pro se capacity and files this Motion For Reconsideration in regards to the Court's dismissal of his post-conviction Writ Of Habeas Corpus, pursuant to Article 11.07 sec. 4, Texas Code of Criminal Procedure, and will respectfully show this Honorable Court the following:

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 18 2017

Deana Williamson, Clerk

I.
STATEMENT OF THE CASE

On or about September of 2017, the applicant filed a "Subsequent Post-Conviction" Writ of Habeas Corpus Article 11.07, contending that his second application was based on "Newly Discovered Evidence" that was not avaiable or not known at the time of the of his trial which was a Google map that showed the area and distance of where the alleged offense ocurred and the

-1-

allegation that he sold,possessed or obtained drugs in a drug free zone within 1000 Feet of a school in violation of the Texas Health & Safety Code for which he was convicted. He contends that with this "New Evidence" it clearly shows that he was denied his 14th and 6th Amendment rights to Due Process and Effective Assistance of Counsel of the United States Constitution. He further asserts that trial counsel failed to to investigate the alleged offense and if had done so would of proven that the offense did not occur where the indictment alleged and the charged offense may have been reduced to a lesser-included offense to a 2 year State jail offense rather than a 3nd degree felony, therefore, he asserts that the outcome could of been different had trial counsel acted differently and had his best intrest at hand. He further contends that by trial counsel's failure to investigate the case, he was ineffective at a "Critical Stage" of the criminal proceedings.

Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); Hernandez v. State, 988 S.W. 2d 770, 772,(Tex.Crim.App. 1999).

"It is well settled that the right to effective assistance of counsel applies to certain steps before trial,especially having counsel present at ALL "Critical Stages" of the criminal proceedings..."

Montejo v. Louisana,566 U.S. 778,786 (2009)quoting: United States v. Wade, 388 U.S. 218, 227-28(1967).

-2-

## II.
## Haines v. Kerner

The applicant contends that because of his failure to inform this Honorable Court that his successive post-conviction writ of habeas corpus was based on "Newly Discovered Evidence" and violations of his Texas and United States Constitutional right's he should not be held to the same standards as a license attorney since he is not trained in the rules of the Court, criminal and appellate procedure and should not be denied his right to the "Great Writ" when he shows that he has met the burden of proof that he has suffered a miscarriage of justice.

Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652(1972).

## III
## PRAYER

WHEREFORE, PREMISES CONSIDERED, THE. Applicant respectfully prays to this Honorable Court that after reviewing the allegations and attached exhibit he attached to the 2nd writ of habeas corpus article 11.07 that it grant him relief in the intrest of justice, so prays the applicant.

Respectfully Submitted,

Terry Sterlin
TDCJ-ID#816777
Diboll Unit
1604 South First Street
Diboll, Texas 75541

Executed on this the 5 th day of Dec. 2017.

-3-

# IV.
## UNSWORN DECLARATION

I,Terry Sterlin,TDCJ-ID#816777, being presently incarcerated at the Diboll Unit, a private facility of Manangement & Training Incorporation, a contractor of the Texas Department of Criminal Justice Institutional Division, do hereby declare under penalty of perjury that the alleged statements contained herein are true and correct.

Executed on this the 5th day of Dec ,2017.

Respectfully Submitted,

Terry Sterlin
TDCJ-ID#816777
Diboll Unit
1604 South First Street
Diboll,Texas 75541

-4-